IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STEPHEN MONTALTO                                                                               PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:06CV444 TSL-JCS

VIACOM INTERNATIONAL, INC.                                                           DEFENDANTS
AND ITS PARENTS AND SUBSIDIARIES
AND JOHN DOES 1 THROUGH 10

REPORT AND RECOMMENDATION

An order of referral having been entered on January 10, 2008, the defendant's motion to dismiss, pursuant to Rule 37(d) is now before the undersigned. Plaintiff has not responded to the motion, and the undersigned having reviewed the defendant's submissions and the record, concludes that the motion is not well taken and should be denied.

By its motion, filed on January 8, 2008, defendant contends that the complaint in this matter should be dismissed because of plaintiff's failure to comply with the court's December 12, 2007 order, which granted defendant's motion to compel. The order required him to respond to interrogatories and to produce documents. While, as of the date that the motion to dismiss was filed the record in this case did not reflect that plaintiff had complied or attempted to comply with the court's order, the undersigned has discovered that on December 21, 2007, plaintiff did submit to the court documentation that appears to be, at least, partially responsive to the order granting the motion to compel. His December 21, 2007 response, though marked "filed" by the clerk of the court, was not filed, but instead, was forwarded to the undersigned's chambers. The undersigned, noting the file stamp, incorrectly assumed that the document was merely a hard copy of the information available on CM/ECF. Discovering that the documents had not been

1

filed and believing that this was plaintiff's attempt to comply with the court's order, the undersigned directed the clerk of the court to file the documents.  Accordingly, as plaintiff has attempted to comply with the court's order, the court cannot conclude that his deficiencies are particularly egregious so as to warrant the drastic measure of dismissal with prejudice.  <u>Griffin v. Aluminum Co. of Am.</u>, 564 F.2d 1171, 1172 (5th Cir. 1977)  (dismissal of a case with prejudice is a "drastic remedy" that this Court should apply only in "extreme circumstances"). Accordingly, the undersigned recommends that defendant's motion to dismiss be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the  14th  day of February, 2008.


/s/ James C. Sumner  _____
UNITED STATES MAGISTRATE JUDGE